UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21371-CIV-O'SULLIVAN
[CONSENT]

GUSTAVO PANIAGUA and all others
similarly situated under 29 USC 216(B),

    Plaintiff,
v.

PICASSO TOWER, INC.,
FRANCISCO MARTINEZ-CELEIRO,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Renewed Motion for Summary Judgment & Incorporated Memorandum in Support Thereof (DE# 28, 9/22/09), and the Plaintiff's Motion for Partial Summary Judgment (DE# 33, 11/10/09). Having reviewed the filings and having heard argument, it is

**ORDERED AND ADJUDGED** that the Defendants' Renewed Motion for Summary Judgment & Incorporated Memorandum in Support Thereof (DE# 28, 9/22/09), is DENIED and the Plaintiff's Motion for Partial Summary Judgment (DE# 33, 11/10/09) is DENIED.

The undersigned finds that sufficient facts exist in the record to allow the issue of whether individual and/or enterprise coverage under the Fair Labor Standards Act ("FLSA") exists to go to a jury. At trial, the jury will determine whether the commercial tenants of the defendant's building are sufficiently numerous and producing goods in interstate commerce to bring the plaintiff security guard of the building within the coverage of the FLSA. See Shulte v. Gangi, 328 U.S. 108, 117-118 (1946); see also Russell Co. v. McComb, 187 F.2d 524, 526 (5th Cir. 1951) (finding "... the night watchman, who guarded the warehouse in which the interstate shipments were being processed for distribution, was in some measure also engaged in the 'production of goods for commerce', within the coverage of the [FLSA]").

The undersigned finds the cases upon which the defendants rely to be distinguishable. In Sobrinio v. Medical Center Visitor's Lodge, Inc., 474 F.3d 828, 829 (5th Cir. 2007), the Fifth Circuit affirmed summary judgment in the defendant's favor. In Sobrinio, the plaintiff was a driver and guard at the defendant's motel in Texas that housed patients and their families who sought treatment at the Texas Medical Center in Houston. In Sobrinio, there was no evidence that the people staying at the defendant's motel were engaged in interstate commerce. The Fifth Circuit found the plaintiff's activities to be purely local in that he simply drove guests to and from the medical center and local stores. Id.

Similarly, Velasquez v. All Florida Security Corp. 2008 WL 5232916 (S.D. Fla. Dec. 15, 2008), the District Court found that the security guard employed by a local company providing security guards to local businesses was outside the coverage of the FLSA notwithstanding that the business he guarded was engaged in interstate commerce. The court distinguished Mr. Velasquez on the ground that he was not employed by the company engaged in interstate commerce. Neither Velasquez nor Sobrinio are binding on this Court.

Because fact questions exist, the issue of whether the plaintiff comes within the coverage of the FLSA will be submitted to a jury.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **11th** day of December, 2009.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

2